CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 18 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION
AUGUST 2016 SESSION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 7:16-cr-45 |
| | ) | |
| v | ) | |
| | ) | **INDICTMENT** |
| JEREMIAH TYMELL KING | ) | |
| | ) | **In Violation of:** |
| | ) | |
| | ) | 21 U.S.C., § 841(a)(1) |
| | | 18 U.S.C., § 922(g)(1) |

## COUNT ONE

The Grand Jury charges:

1. That on or about March 9, 2016, in the Western Judicial District of Virginia, the defendant, JEREMIAH TYMELL KING, did knowingly and intentionally distribute a measurable quantity of a mixture and substance containing heroin, a Schedule I controlled substance.

2. In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT TWO

The Grand Jury further charges:

1. That on or about March 16, 2016, in the Western Judicial District of Virginia, the defendant, JEREMIAH TYMELL KING, did knowingly and intentionally distribute a measurable quantity of a mixture and substance containing heroin, a Schedule I controlled substance.

1

2. In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT THREE

The Grand Jury further charges:

1. That on or about May 5, 2016, in the Western Judicial District of Virginia, the defendant, JEREMIAH TYMELL KING, did knowingly and intentionally distribute a measurable quantity of a mixture and substance containing heroin, a Schedule I controlled substance.

2. In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT FOUR

The Grand Jury further charges:

1. That on or about July 12, 2016, in the Western Judicial District of Virginia, the defendant, JEREMIAH TYMELL KING, did knowingly and intentionally distribute a measurable quantity of a mixture and substance containing heroin, a Schedule I controlled substance.

2. In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT FIVE

The Grand Jury further charges:

1. That on or about July 13, 2016, in the Western Judicial District of Virginia, the defendant, JEREMIAH TYMELL KING, having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, to wit a

2

Case 7:16-cr-00045-GEC   Document 1   Filed 08/18/16   Page 2 of 4   Pageid#: 2

Glock, Model 19 pistol, which had previously been shipped or transported in interstate or foreign commerce.

2. In violation of Title 18, United States Code, Section 922(g)(1).

## NOTICE OF FORFEITURE

1. Upon conviction of the felony offenses alleged in this Indictment, defendant shall forfeit to the United States:

    a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offenses, pursuant to 21 U.S.C. § 853(a)(1).

    b. any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of said offenses, pursuant to 21 U.S.C. § 853(a)(2).

    c. any firearm used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances and/or raw materials, as described in 21 U.S.C. § 881(a)(1) and (2), and any proceeds traceable to such property, pursuant to 21 U.S.C. § 881(a)(11) and 28 U.S.C. § 2461(c).

    d. any firearms and ammunition involved or used in the commission of said offenses, or possessed in violation thereof, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

2. The property to be forfeited to the United States includes but is not limited to the following:

    (a) **Firearm**:

        One Glock model 19 9mm pistol, serial #BAVU815
        All ammunition associated with this firearm

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

3

(b) has been transferred or sold to, or deposited with a third person;
(c) has been placed beyond the jurisdiction of the Court;
(d) has been substantially diminished in value; or
(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of the above-described forfeitable property, pursuant to Title 21 United States Code, Section 853(p), including but not limited to the property described in paragraph 2.

A TRUE BILL this 18th day of August, 2016.

                                                  *s/Grand Jury Foreperson*
                                                  FOREPERSON

JOHN P. FISHWICK, JR.
UNITED STATES ATTORNEY

4